STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ROZELLA A. OLIVER (Cal. Bar No. 250488)
Assistant United States Attorney
Chief, General Crimes Section
SHEILA NAGARAJ (Cal. Bar No. 268927)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2475/2690
    Facsimile: (213) 894-0141
    E-mail:     rozella.oliver@usdoj.gov;
                sheila.nagaraj@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-369-PA-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CLAUDIA ARREOLA |
| v. | |
| CLAUDIA ARREOLA, | |
| Defendant. | |

1.   This constitutes the plea agreement between CLAUDIA ARREOLA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts 1 and 6 of the indictment in <u>United States v. Claudia Arreola, et al</u>, CR No. 14-369-PA-1, which charges defendant with Presentation of a False Immigration Document or Application and Causing an Act to be Done, in violation of 18 U.S.C. §§ 1546(a), 2(b).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.   Make restitution at or before the time of sentencing, and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

<u>FORFEITURE</u>

3.   Defendant further agrees to:

a.   Truthfully disclose to law enforcement officials, at a date and time to be set by the USAO, the location of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title and interest in and to such items.

b.   Hereby waive defendant's rights to any further notice relative to any judicial forfeiture proceedings with respect to any and all property seized ("forfeitable property") by the United States of America or its agencies.

c.   Refrain from contesting the forfeiture (by filing a claim, statement of interest, petition for an ancillary proceeding, petition for remission or otherwise) of the forfeitable property in any administrative or judicial forfeiture proceeding, or assisting any other person or entity in contesting the forfeiture of the forfeitable property in any administrative or judicial forfeiture proceeding.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in counts 1 and 6 that is, Presentation of a False Immigration Document or Application and Causing an Act to be Done, in violation of 18 U.S.C. § 1546(a), 18 U.S.C. § 2(b), the following must be true:

(1)   Defendant knowingly presented, or willfully caused to be presented, an application or document to the United States Citizenship and Immigration Services ("USCIS"); and

(2)   The application or document was required by the immigration laws or regulations;

(3)   The application or document contained a false statement or omission;

(4)   The defendant knew that the application or document contained a false statement or omission; and

(5)   The statement or omission was material to the activities or decisions of USCIS.

## PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 1546(a), 2(b) is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the

gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.

7.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

8.   Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $78,000 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

5

to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration

6

consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

12.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

1.   **California Immigration Services ("CIS") and the defendants' scheme**

Defendant ARREOLA owned and operated California Immigration Services ("CIS"), an immigration consulting business in Los Angeles, California, that offered to help aliens complete and file immigration paperwork for submission to USCIS in exchange for money.  ARREOLA's primary employee at CIS was defendant GUTIERREZ.  In relevant part, married couples, consisting of one United States citizen spouse and one illegal alien spouse, would seek the services of CIS for assistance in adjusting the status of the alien spouse to a lawful status.  The couple would bring their paperwork to CIS and meet with ARREOLA, who would explain the services that CIS would provide, and set forth the fees.  The couple would sign a contract for CIS's services.  Sometimes defendant ARREOLA signed the contract on behalf of CIS; other times co-defendant GUTIERREZ would sign.  Once the couple paid a deposit or initial sum, either ARREOLA or GUTIERREZ would have the couple sign blank immigration documents, including a Form I-130 (Petition for Alien Relative) and a Form I-485 (Application to Register Permanent Residence or Adjust Status).  Defendants ARREOLA and GUTIERREZ would then submit or willfully cause to be submitted these immigration documents that falsely represented a material fact; that is, that the alien beneficiary (i.e., the non-U.S. citizen spouse) had legally entered the United States as a visitor.  As proof of the legal entry, the documents referenced a Form I-94 (Arrival/Departure Record) and typically also provided a purported copy of the I-94 card issued to the alien

7

beneficiary at the time of entry into the country. Significantly in carrying out the fraud, defendants listed the address of CIS as the mailing address for the applicant beneficiary so that all correspondence from USCIS would come to CIS, and would not go to the alien beneficiary's residential address.

2.   Conduct Alleged in the Indictment

As indicated in the table below, defendant ARREOLA, along with co-defendant GUTIERREZ, knowingly presented, or willfully caused to be presented, USCIS Forms I-130 and I-485, on behalf of each of the listed alien beneficiaries, to USCIS, and defendant ARREOLA admits that each of those forms was required by the immigration laws or regulations. Defendant ARREOLA further admits that while completing each of these forms on behalf of each alien beneficiary, the forms contained a false statement or omission, and defendant knew that the forms contained a false statement or omission, namely, that the alien beneficiaries named in the forms had entered the United States legally, when, in truth and in fact, defendant ARREOLA knew that all of the alien beneficiaries had previously entered the United States without permission.  Defendant ARREOLA further admits that the false statement or omission was material to the activities and decisions of USCIS in processing the alien beneficiaries' applications to adjust status, because the false statements and omissions perpetrated by defendant would make it more likely that USCIS would approve the applications.

| Date Form Received by USCIS | Fraudulent Forms Submitted | Victim's Initials |
|---|---|---|
| October 12, 2006 | USCIS Form I-130<br>USCIS Form I-485 | E.R. |
| April 25, 2007 | USCIS Form I-130<br>USCIS Form I-485 | F.B. |
| October 26, 2007 | USCIS Form I-130<br>USCIS Form I-485 | E.R. |
| February 21, 2008 | USCIS Form I-130<br>USCIS Form I-485 | G.P. |
| February 21, 2008 | USCIS Form I-130<br>USCIS Form I-485 | B.R. |
| June 1, 2008 | USCIS Form I-130<br>USCIS Form I-485 | F.G. |

SENTENCING FACTORS

13.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            11            [U.S.S.G. § 2L2.1]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea were involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 21 months imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $78,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 15 months imprisonment, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $78,000.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

12

24.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

13

NO ADDITIONAL AGREEMENTS

26.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE YONEKURA
Acting United States Attorney


_Sheila Nagaraj_                           9/12/14
ROZELLA A. OLIVER                          Date
SHEILA NAGARAJ
Assistant United States Attorneys


_[signature]_                              9/12/14
CLAUDIA ARREOLA                            Date
Defendant


_[signature]_                              9/12/14
RONALD O. HEDDING                          Date
Attorney for Defendant ARREOLA


14

1

<u>CERTIFICATION OF DEFENDANT</u>

2    I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charges and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19

20   _____        _____9/12/14_____
     CLAUDIA ARREOLA                        Date
     Defendant

21

22

23

24

25

26

27

28

15

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CLAUDIA ARREOLA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          9/12/14
RONALD B. HEDDING                         Date
Attorney for Defendant ARREOLA